IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF DIRSKE, et al.,<br><br>　　　　　Defendants. | No. 2:23-CV-2273-KJM-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 10.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that he is incarcerated and has trouble walking and dressing himself.  He also states that he is in constant pain and that he should have had hip surgery.  Plaintiff also states that he is not a high school graduate.  These are not exceptional circumstances, and, despite Plaintiff's physical limitations, the docket reflects that he has been able to sufficiently articulate his claims on his own and has filed an amended complaint in response to the Court's screening order.  Further, as described in the screening order issued on January 31, 2024, the legal and factual issues involved in this case are not complex.  Finally, at this early stage of the proceedings before an answer has been filed or any discovery conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 10, is denied.

Dated:  March 11, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE