IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF DIRSKE, et al.,<br><br>        Defendants. | No.  2:23-CV-2273-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on October 4, 2023.  See ECF No. 1.  On January 31, 2024, the original complaint was dismissed with leave to amend.  See ECF No. 8, pg. 2.  Plaintiff filed his first amended complaint on February 22, 2024.  See ECF No. 9.

### B. Plaintiff's Allegations

Plaintiff names the following as defendants: (1) Jeff Dirske, the Stanislaus County Sheriff; (2) Stanislaus County; (3) Wellpath, the medical provider for Stanislaus County jails; and (4) Dr. Hoe, a physician with Wellpath.  See id. at 1, 2.

Plaintiff alleges that his Eighth Amendment rights against cruel and unusual punishment have been violated by Defendants for refusal to treat his worsened hip injury.  See id. at 3.  Plaintiff claims that he is unable to walk or support any weight since the hip injury has spread to his knee and back.  See id.  Allegedly, Plaintiff was told he needed a new hip in Modesto, but Defendants said the situation wasn't an emergency and that Plaintiff "should have taken care of it out there."  See id.  Plaintiff claims that Stanislaus County has a contract with some entity for a set amount each year, which incentivizes withholding medical services/treatments so that Defendants may pocket the money.  See id.  According to the complaint, it has been six months since Plaintiff's injury should have been treated, resulting in

severe pain and mental anguish.  See id.

## II.  DISCUSSION

Plaintiff's first amended complaint suffers from a number of related defects.  First, Plaintiff has not established a causal connection between Defendant Hoe and the claimed Eighth Amendment violation. Second, Plaintiff has failed to allege any facts that would establish the supervisory liability of Defendant Dirske as the Stanislaus County Sheriff. Third, Plaintiff has not established any facts showing a municipal custom or policy such as Stanislaus County would be liable. Finally, Plaintiff has not alleged facts sufficient to establish the liability of Wellpath.

### A.    **Causal Connection**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff has not established any affirmative actions taken by Defendant Hoe that caused the alleged Eighth Amendment violation.  The assertions are vague and conclusory as to Defendant Hoe's involvement, which is not enough to make the complaint sufficient.  Plaintiff will be provided with another opportunity to amend the complaint but should take care in referencing the rules outlined in this order.

/ / /

/ / /

**B.     Supervisory Liability**

As a general rule, supervisory personnel are not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct, not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). As such, a supervisory defendant can't be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Iqbal, 556 U.S. at 676.

Here, Plaintiff has not made any specific factual claims as to Defendant Dirske's personal involvement as the county sheriff in the alleged Eighth Amendment violation. Because mere knowledge and acquiescence in unconstitutional conduct is not enough to show supervisory liability, Plaintiff must show how Defendant Dirkse's own conduct resulted in the violation. Plaintiff will be provided an opportunity to amend.

///

///

///

C. **Municipal Custom/Policy**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff has not made any claims specific to Stanislaus County, nor alleged that a municipal policy or custom caused the alleged Eighth Amendment violation. Plaintiff will be provided an opportunity to amend.

D. **Wellpath**

A § 1983 claim can only hold liable a "person" that acted under color of state law. 42 U.S.C. § 1983. Private entities are generally not considered suable persons under § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). However, if a private entity performs a function that is traditionally and historically the "exclusive" function of the state, it can become a state actor. See Flagg Bros. v. Brooks, 436 U.S. 149, 157-58 (1978); Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974).

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state

agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc). Therefore, when a private entity steps in for the state itself, it is immune from § 1983 liability under the Eleventh Amendment.

Unlike the state itself, municipalities and local government units are "persons" under § 1983.  See Monell, 436 U.S. at 690.  To hold a municipal entity liable, a plaintiff must show that the municipality had a custom or policy that was the "moving force" behind a violation of the plaintiff's constitutional rights.  See id. at 694.  Therefore, when a private entity steps in for a municipality or other local government unit, a plaintiff must show that there was a custom or policy implemented by the entity that resulted in a violation of the plaintiff's constitutional rights.

Here, Wellpath is a private entity under contract to provide medical care for Stanislaus County inmates such as Plaintiff.  Wellpath, in providing medical care for county inmates, performs a function that is traditionally the exclusive function of the county itself and, as such, stands in for the county.  As such, as with Stanislaus County, discussed above, Plaintiff must allege that Wellpath followed a policy or custom which resulted in a violation of Plaintiff's constitutional rights.  Here, however, Plaintiff has not alleged any custom or policy implemented by Wellpath that acted as a driving force for the violation of his rights.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: July 8, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE